11th Court of Appeals
Eastland, Texas
Opinion
 
Cody Todd Burgett
            Appellant
Vs.                  No. 11-03-00351-CR -- Appeal from Throckmorton County
State of Texas
            Appellee
 
            In a four-count indictment, Cody Todd Burgett was charged with the offenses of aggravated
assault of a public servant with a deadly weapon (Count I), possession of anhydrous ammonia with
intent to manufacture a controlled substance (Count II), unauthorized use a motor vehicle (Count III),
and evading arrest (Count IV). Appellant pleaded not guilty to the aggravated assault charge and
guilty to the other three charges. The jury convicted appellant of all four counts and assessed his
punishment in Count I at confinement for 20 years and a $10,000 fine, in Count II at confinement
for 20 years, and in Counts III and IV at confinement for 2 years in a state jail facility. The trial court
rendered a separate judgment on each count and ordered the sentences to run concurrently. We
affirm. 
            The issues on appeal relate only to the conviction for aggravated assault of a peace officer. 
In his first point of error, appellant contends that the evidence is factually insufficient to show that
he knowingly or intentionally threatened a peace officer with imminent bodily injury. See TEX.
PEN. CODE ANN. §§ 22.02(a)(2), 22.02(b)(2), & 22.01(a)(2) (Vernon Supp. 2004 - 2005). In his
second point of error, appellant argues that the affirmative deadly weapon finding is not supported
by the evidence because there is insufficient evidence to show that appellant intended to cause
imminent bodily injury. In order to determine if the evidence is factually sufficient, we must review
all of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak
that the verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the verdict
is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga
v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004);
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
            The record shows that Game Warden Shea Guinn and his supervisor, Captain Sparks Burdett,
saw suspicious activity at some anhydrous tanks that were a common target for theft. They observed
a red and white Suburban drive down the road with its headlights off and pull in behind the tanks. 
The officers watched the activity occurring at the tanks and heard an electric motor or pump and the
discharge of gas. Officer Guinn attempted to stop the Suburban and its occupants as they drove away
from the tanks. When Officer Guinn turned on the red and blue lights on his marked game warden’s
pickup, the Suburban sped away. Officer Guinn, accompanied by Captain Burdett, pursued the
Suburban. Officer Guinn testified that they were traveling at speeds up to 90 to 100 miles per hour. 
During the pursuit, appellant pushed three tanks out the back of the Suburban. Officer Guinn
testified that his pickup was within 40 to 60 yards of the Suburban when the tanks were pushed out
of the Surbrban. Captain Burdett agreed that they were staying as close as they could to the
Suburban. Officer Guinn had to take evasive action to avoid hitting the tanks. The first tank was
described as a big round propane tank that bounced as high as 5 or 6 feet down the road straight at
the game warden’s pickup. The second tank was a large cylinder that just slid down the road. 
Officer Guinn had to drive into the ditch to avoid both of these tanks. The officers did not see the
third tank being pushed out of the Suburban because they had turned onto a dirt road. However,
Officer Guinn smelled a strong odor of anhydrous ammonia and saw a shape out of the corner of his
eye. Officer Guinn turned hard to the left and fishtailed four or five times. He barely missed the
tank. Officer Guinn felt as though the occupants of the Suburban were trying to cause him to wreck. 
The State presented evidence that the tanks could have caused a serious accident, serious bodily
injury, or death. 
            Appellant disputed the officers’ testimony. Although appellant admitted pushing the tanks
out of the Suburban, appellant denied having any intent to hurt Officer Guinn or anyone else. 
Appellant testified that he did not know his actions would place Officer Guinn in fear of imminent
bodily injury. According to appellant, he pushed the tanks out only to get rid of the evidence. 
Appellant testified that he did not think about the people behind them and that Officer Guinn’s
pickup was not close to the Suburban when he pushed the tanks out. Appellant said that he could
barely see the spotlight on the pickup at the time he got rid of the tanks and that he watched the tanks
as they went off the road into the ditch. Appellant thought the pickup was far enough back that the
officers would not see him push the tanks out. According to appellant, the tanks did not even come
close to hitting the pickup. 
            The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the
weight to be given to their testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon
1979 & 1981). After reviewing all of the evidence in a neutral light, we hold that the evidence was
sufficient to show that appellant knowingly or intentionally threatened Officer Guinn with imminent
bodily injury and that appellant used a propane tank as a deadly weapon during the commission of
the offense. A deadly weapon may be “anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.” TEX. PEN. CODE ANN. § 1.07(a)(17)(B)
(Vernon Supp. 2004 - 2005). The evidence supporting the jury’s verdict was not so weak as to make
the verdict clearly wrong and manifestly unjust; nor was the contrary evidence so strong that the
beyond-a-reasonable-doubt burden of proof could not have been met. Appellant’s points of error
are overruled. 
            The judgments of the trial court are affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
April 28, 2005
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.